## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENNETH JAY RANEY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )      **CIVIL NO. 08-cv-422-WDS** |
| | ) |
| **LISA J.W. HOLLINGSWORTH,** *et al.*, | ) |
| | ) |
| **Respondents.** | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Petitioner filed this action pursuant to 28 U.S.C. § 2241 seeking restoration of good time credits he lost as a result of disciplinary sanctions being imposed on him. Also before the Court is Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) and for appointment of counsel (Doc. 3).

On July 3, 2008, Petitioner paid the $5 required filing fee and informed the Court, by letter, that he wished to withdraw his motion to proceed *in forma pauperis*. Therefore, Petitioner's motion to proceed *in forma pauperis* will be denied as moot.

While civil litigants do not have a constitutional or statutory right to counsel, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under § 2254. Appointment of counsel for a habeas petitioner is within the district court's discretion and is governed by standards similar to those followed in other civil cases. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). When presented with a request to appoint counsel,

the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Petitioner states that he "wrote to the National Lawyers Ass., but no response." The Court does not think this is sufficient effort on Petitioner's part to obtain counsel on his own.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Petitioner's claims are not that factually complex. Essentially, Petitioner claims that a conduct violation which resulted in the loss of good time credit was retaliatory and imposed without due process of law. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on Petitioner's pleadings in this case, the Court concludes that - at this time - Petitioner appears to be competent to litigate his case. Therefore, Petitioner's motion for the appointment of counsel will be **DENIED**, without prejudice.

Petitioner names as a respondent not only the warden of his prison but also various prison officials involved with his disciplinary action  Because Petitioner is incarcerated, the only proper respondent is Warden Hollingsworth. *See* Rules 1(b),  2(a) and (b) of the Rules Governing § 2254 Cases in the United States District Courts.

**IT IS HEREBY ORDERED** that the motion for leave to proceed *in forma pauperis* (Doc. 2)is **DENIED,** as moot.

**IT IS FURTHER ORDERED** that Respondents Hastings, Gonzales, Biershbach,

Hershberger, Buck, Pagli, Wheeler, Kelley, and Unknown Party are **DISMISSED**, with prejudice.

**IT IS FURTHER ORDERED** that Respondent Hollingsworth shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (Doc. 3) is **DENIED**, without prejudice.

**IT IS SO ORDERED.**

**DATED: July 15, 2008.**

> **s/ WILLIAM D.  STIEHL**
> **DISTRICT JUDGE**