## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH JAY RANEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Case No. 08-422-WDS-PMF |
| ) | |
| LISA J. HOLLINGSWORTH, ) | |
| ) | |
| Respondent. ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Kenneth Jay Raney's §2241 petition for a writ of habeas corpus (Doc. No. 1). Raney, currently confined at USP-Marion, challenges the outcomes of two prison disciplinary proceedings. Viewing the *pro se* allegations liberally, Raney claims that a November 16, 2002, disciplinary proceeding violated his Constitutional rights because discipline was imposed in retaliation for his effort to obtain a tort remedy (Claim 1). Raney also claims that an August 26, 2003, disciplinary proceeding violated his Constitutional rights in three respects: the hearing officer did not provide access to written reports and witness statements (Claim 2); the sanctions imposed amounted to extortion (Claim 3); and an administrative remedy appeal was improperly rejected (Claim 4). A response is on file (Doc. No. 11). Pending at this time is petitioner's motion for summary judgment, which is fully briefed (Doc. Nos. 13, 14).

### I.     Background

In November, 2002, Raney was confined at FCI-Pekin. A disciplinary report filed on November 13, 2002, accused Raney of possessing a radio belonging to another inmate. On November 16, 2002, Raney was found guilty of the rule violation. He was sanctioned with a 15-day restriction on commissary privileges.

In February, 2003, Raney requested protective custody. He was placed in a special housing unit and interviewed regarding the circumstances underlying that request. Reports were prepared by Suzanne Wheeler, R. Farlin, and Dayna Buck. Supplemental information was also gathered and reported by Wheeler and Buck.

In June, 2003, Raney was accused of violating prison disciplinary rules by refusing an order to move to a cell in the general population compound. This charge did not result in disciplinary action.

On July 16, 2003, Raney was issued a disciplinary report accusing him of refusing to obey an order from a staff member to accept a program assignment. Raney was notified of the charge on July 16, 2003. In responding to the charge, he indicated that the report was true but suggested that his conduct was justified by prior events on the compound. In particular, he sought to prove that a threat to his safety had been explained and verified. He requested Wheeler and Buck and another inmate as witnesses. The charge was referred to a disciplinary hearing officer (DHO) for a decision.

At a hearing held on August 20, 2003, the DHO considered a report stating that Raney was ordered to move to general population and refused. The DHO also considered Raney's position that he had been threatened on the compound and that his need for protection had been demonstrated to and verified by members of the prison staff. The DHO also considered a statement made by an inmate witness reflecting his belief that Raney had been pressured on the compound.

The DHO reviewed some of the reports prepared by the individuals who investigated Raney's protective custody request. However, the DHO did not consider Suzanne Wheeler's June 23, 2003, supplement and declined to call Wheeler or Buck as witnesses. The decision to exclude them was based on findings that their written statements adequately described the events and that their conclusions resulted in the accusation and were therefore adverse to Raney.

The DHO decided that Raney committed the act as charged, explaining reliance on a reporting officer's statement that Raney refused repeated orders to leave the special housing unit and return to the general population, as well as reports suggesting that staff investigated but were not able to verify Raney's claim that he needed special housing for protection. The DHO revoked 7 days of good conduct time, imposed 15 days of disciplinary segregation, and suspended commissary, telephone, and visitation privileges for 365 days. The DHO advised Raney that some of the sanctions would be reconsidered if Raney returned to general population.

On September 3, 2003, Raney returned to the general prison population and asked for reinstatement of the suspended privileges. On September 22, 2003, the DHO authored memoranda requesting restoration of Raney's visitation, phone, and commissary privileges.

On multiple dates in September and October, 2003, Raney prepared grievances asking the regional director to review his incident report. These grievances were received and rejected. On October 1, 2003, the regional director prepared a rejection notice giving Raney 15 days to correct the error and resubmit his grievance. Raney did not receive that rejection notice until October 15, 2003. He submitted a corrected grievance the same day. The regional director did not receive Raney's corrected grievance until October 22, 2003. On October 29, 2003, the regional director rejected the corrected grievance as untimely filed.

Raney submitted an appeal to the general counsel on November 18, 2003. The appeal was received by the general counsel on November 25, 2003. The appeal was denied.

## II.     Exhaustion of Administrative Remedies

Respondent argues that the petition should be dismissed because Raney did not exhaust his administrative remedies. In order to obtain a judicial decision on his habeas claims, Raney must first

exhaust administrative remedies. *See Greene v. Meese*, 875 F.2d 639, 640 (7th Cir.1989). Proper exhaustion requires compliance with the Bureau's deadlines and rules. *Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

The Bureau of Prisons has a multi-tiered administrative remedy process through which an inmate may seek a remedy regarding aspects of confinement. 28 C.F.R. §§ 542.10-542.19. An inmate challenging a disciplinary hearing officer's decision may appeal directly to the regional director (Doc. No. 11-2, p. 2). The process is completed when a further appeal is decided by the general counsel. 28 C.F.R. §§ 542.13-15.

The parties have submitted copies of some of Raney's administrative remedy forms, the affidavit of Amy Standefer, and a report summarizing the administrative requests received and processed during Raney's confinement (Doc. Nos. 1, pp. 15-17, 21-22; Doc. No. 11-2, pp. 1-5, 11-24; Doc. No. 13, pp. 13-14).

<u>November, 2002, Proceeding</u>. No documents suggest that Raney submitted a written grievance regarding the November, 2002, disciplinary action to the regional director or that he appealed a decision regarding that grievance to the general counsel.

<u>August, 2003, Proceeding</u>. Raney made an effort to appeal the DHO's decision to the regional director. His initial effort was rejected as defective. After being notified of the defect, Raney was granted additional time to submit a corrected grievance. Raney submitted a corrected grievance on October 15, 2003. The regional director received Raney's corrected grievance on October 22, 2003, and rejected it as untimely. Raney appealed to the general counsel, who agreed with the regional director's decision.

Raney maintains that he properly exhausted his administrative remedies with respect to the

4

August, 2003, disciplinary proceeding. He points out that he submitted his corrected grievance on October 15, 2003, the same day he received the rejection notice.

The regional director's finding that Raney's grievance was untimely is an independent finding that is not subject to review in this proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991). Raney's failure to meet the regional director's October 15, 2003, deadline means that he did not properly exhaust his administrative remedies. That failure constitutes a procedural default. In these circumstances, habeas review is barred absent a showing of cause and prejudice. *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir.1986).

<u>Cause</u>. In order to demonstrate cause for failure to properly exhaust, Raney must show that some objective factor impeded his effort to comply with the October 15, 2003, filing deadline. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Raney suggests that a staff member "held up" the regional director's rejection notice. Official misconduct or interference which makes compliance with a procedural rule impracticable can potentially constitute cause. *Coleman v. Thompson*, 501 U.S. at 753. However, plaintiff's position appears to be based on pure speculation rather than facts. Moreover, Raney did not present his staff interference argument to the regional director, although he had an opportunity to do so.[1] *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

<u>Prejudice</u>. In order to show actual prejudice, Raney must demonstrate a reasonable probability that the outcome of the disciplinary proceeding would have been different. *See Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir.2001). Raney was accused of violating a prison rule prohibiting inmates from refusing to work or accept a program assignment. He admitted the truth of the charge but tried to justify his behavior by demonstrating that his safety was in jeopardy,

---

[1] A regional director may extend time restrictions when an inmate demonstrates a valid reason for delay. 28 C.F.R. § 542.15(a).

warranting a special housing assignment. The Court is not persuaded that Raney suffered actual prejudice in these circumstances.[2]

The procedural requirements of the due process clause include advance written notice of the charge, the right to call witnesses and present documentary evidence in his defense unless doing so would jeopardize institutional safety or correctional goals, the aid of a staff member or inmate in presenting a defense if he was illiterate or the issues were complex, an impartial tribunal, a written statement of the evidence relied on and the reasons for the disciplinary action, and a decision based on at least some evidence. *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Piggie v. Cotton*, 342 F.3d 660, 662 (7th Cir.2003). Here, Raney admitted engaging in the charged conduct. The regulations adopted by the Bureau of Prisons do not recognize a "justification" defense. Raney cannot show that he was deprived of one of the procedural protections listed above.

## III. Conclusion

IT IS RECOMMENDED that Kenneth Jay Raney's § 2241 petition for a writ of habeas corpus (Doc. No. 1) be DENIED and that petitioner's motion for summary judgment (Doc. No. 13) be DENIED. This action should be dismissed.

SUBMITTED: **November 21, 2008**.

s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The Bureau of Prisons excuses rule violations in limited circumstances, such as when the inmate is incompetent or not responsible for his conduct due to a severe mental disease. 28 C.F.R. § 541.10. There is no "justification" defense for disciplinary rule violations.