IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KENNETH JAY RANEY**,

**Petitioner,**

**v.**

**LISA J. HOLLINGSWORTH,**

**Respondent.**                                              **No. 08-0422-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On July 27, 2009, the Court denied and dismissed with prejudice Raney's 28 U.S.C. § 2241 petition (Doc. 18). The Clerk of the Court entered judgment that same day (Doc. 19). On September 24, 2009, Raney filed his notice of appeal (Doc. 20).[1] Although Raney has not filed a request for certificate of appealability, it is the Court's practice to issue said certificates promptly as possible after the filing of the notice of appeal. Thus, the Court construes Raney's notice of appeal as containing a request for a certificate of appealability. **See Fed.R.App.P 22(b)(1) (indicating that upon filing a notice of appeal, the "district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue" and transmit the certificate or statement with the notice of appeal to the Court of Appeals)**. Based on the following, the Court

---

[1] The notice of appeal was entered into the Court's system on September 28, 2009.

declines to issue a certificate of appealability.

Pursuant to 28 U.S.C. § 2253, a prisoner seeking appellate review of a district court's denial of a § 2255 motion must obtain a certificate of appealability. **28 U.S.C. § 2253(c)(1)**. Section 2253(c)(2) provides that a certificate "may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." Section 2253(c)(3) adds that the certificate must "indicate which specific issue or issues satisfy the showing required by paragraph (2)." As a practical matter, "[t]he certificate is a screening device, helping to conserve judicial (and prosecutorial) resources. The obligation to identify a specific issue concentrates the parties' attention (and screens out weak issues); the limitation to constitutional claims also reduces the number of appeals while simultaneously removing a category of claim that ... has poor prospects." ***Young v. United States*, 124 F.3d 794, 799 (7th Cir.1997);** ***Buie v. McAdory*, 322 F.3d 980, 981 (7th Cir. 2003)**. As stated previously, a Certificate of Appealability may be issued only upon a "substantial showing of the denial of a constitutional right . " 28 U.S.C. § 2253. "A petitioner ... must ... demonstrate that an issue is debatable among jurists of reason or that the questions 'deserve encouragement to proceed further.' " ***Young*, 124 F.3d 799*.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394-5 & n. 4 (1983))**.

Upon view of the record and pursuant to § 102 of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2253, the Court certifies that the

issues in Raney's § 2241 petition are not debatable among jurists of reason and that he could not make e a substantial showing under 28 U.S.C. § 2254 of a denial of a constitutional right, and therefore, **DECLINES** to issue a certificate of appealability.

    **IT IS SO ORDERED.**

Signed this 2nd day of October, 2009.

    /s/   David R Herndon
    **Chief Judge**
    **United States District Court**